# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

<table>
<tr><td>Chambers of<br><b>Leda Dunn Wettre</b><br>United States Magistrate Judge</td><td>Martin Luther King Federal Building<br>& U.S. Courthouse<br>50 Walnut Street<br>Newark, NJ 07101<br>(973) 645-3574</td></tr>
</table>

June 19, 2017

To:   All counsel

### LETTER ORDER

RE:   *Rozo et al. v. Walmart, Inc. et al.*
      Civil Action No. 2:17-cv-01622 (SDW) (LDW)

Dear Counsel,

Presently before the Court is a motion by defendants Walmart Stores, Inc., Walmart Stores East, Inc., Walmart Stores East, L.P., and Walmart Associates, Inc. (collectively, "Walmart") to dismiss this action for improper venue under Federal Rule of Civil Procedure 12(b)(3) and a cross motion by plaintiffs Francisco Rozo and Amanda Andrade-Rozo to transfer the action to the United States District Court for the Middle District of Florida, under 28 U.S.C. § 1406(a). (ECF Nos. 3, 6). Plaintiffs effectively concede that venue is improper in this Court (ECF No. 6), and the parties are in agreement that the Middle District of Florida would be a proper venue for this action. (ECF No. 3 at 4–5; ECF No. 6 at 2–3). Consequently, the only issued to be decided is whether dismissal or transfer is more appropriate.

Plaintiffs rely on 28 U.S.C. § 1406 (a), which provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Walmart argues that the Court should deny transfer because the action "was improperly brought in the first place," and it contends that Plaintiffs have not adequately explained why transfer, rather than dismissal, would further the interests of justice. (ECF No. 7). The Court first notes that the fact that this action was "improperly brought in the first place" is inadequate to justify denying transfer under § 1406(a), as that section applies only to cases

filed in the "wrong division or district." If the action had been commenced in a proper venue, relief under § 1406(a) would be entirely unavailable.

While Plaintiffs provide little in the way of argument specific to this case concerning why transfer would be preferable to dismissal, the Court still sees no reason to compel Plaintiffs to recommence the action and pay new filing fees in a Florida court when the matter may simply be transferred. The only prejudice that could seemingly result to Walmart from transferring, rather than dismissing, the action would be the tolling effect of transfer on any potentially elapsed deadline under a statute of limitations. Caselaw illustrates, however, that § 1406(a) was designed specifically to prevent detriment to a plaintiff who permits a limitations period to lapse after filing in the wrong court. *See Lafferty v. St. Riel*, 495 F.3d 72, 79 (3d Cir. 2007) (citing *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466–67 (1962)).

For the reasons stated above, Walmart's motion to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(3) is **DENIED** and Plaintiffs' cross motion to transfer the action to the Middle District of Florida is **GRANTED.**

**SO ORDERED this 19th day of June 2017.**

/s/ Leda Dunn Wettre
Leda Dunn Wettre
United States Magistrate Judge

Orig:   Clerk
cc:     Hon. Susan D. Wigenton, U.S.D.J.
        All counsel of record